

IN THE
TENTH COURT OF APPEALS

No. 10-21-00180-CR

THE STATE OF TEXAS,

Appellant

v.

PEDRO LANCE SOTO,

Appellee

From the County Court
Ellis County, Texas
Trial Court No. 19-11968-CR

MEMORANDUM OPINION

Pedro Soto was charged by information with the offense of harassment under Section 42.07 (a) (7) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 42.07 (West). Soto filed a pretrial application for writ of habeas corpus in which he argued that Section 42.07 (a) (7) is unconstitutional under the United States Constitution. Soto specifically argued that the statute is overbroad and vague under the First Amendment of the United States Constitution. The trial court granted Soto's application for writ of habeas corpus and ordered that the information be dismissed. The State appeals from the trial court's

Order. We reverse the trial court's order granting Soto's application for writ of habeas corpus and remand this case to the trial court for further proceedings.

The State argues in its sole issue on appeal that the trial court erred in finding Article 42.07 (a) (7) unconstitutionally overbroad. Section 42.07 (a) (7) provides that a person commits an offense if, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person: … sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." TEX. PENAL CODE ANN. § 42.07 (West).

In *Scott v. State*, the Court of Criminal Appeals considered Section 42.07 (a) (4) of the Texas Penal Code, the telephone harassment statute. Section 42.07 (a) (4) is nearly identical in its wording as Section 42.07 (a) (7). The Court held that Section 42.07 (a) (4) does not implicate the freedom of speech protections of the First Amendment of the United States Constitution because it prohibits non-speech conduct. *Scott v. State*, 322 S.W.3d 662, 669-70 (Tex. Crim. App. 2010), *disavowed on other grounds by Wilson v. State*, 448 S.W.3d 418, 423 (Tex. Crim. App. 2014).

In *Ex parte Sanders*, the Court of Criminal Appeals reaffirmed its holding in *Scott*. *Ex parte Sanders*, No. PD-0469-19, 2022 LEXIS 236 at *1 (Tex. Crim. App. April 6, 2022). The Court further held that Section 42.07 (a) (7) of the Texas Penal Code, the electronic harassment statute, does not implicate the freedom of speech protections of the First Amendment of the United States Constitution because it also prohibits non-speech conduct. *Id* at 1-2. Accordingly, we find that Section 42.07 (a) (7) does not violate the

First Amendment of the United States Constitution. *See Ex parte Sanders*, 2022 LEXIS 236 at *36. We sustain the State's sole issue on appeal.

We reverse the trial court's order granting Soto's application for writ of habeas corpus and remand the case to the trial court for proceedings consistent with this opinion.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Reversed and remanded
Opinion delivered and filed May 4, 2022
Do not publish
[CR25]

